1
2
3
4
5
6
7
8                            UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARK A. GRIFFITHS,                         No.  2:22-cv-00439 AC

12                  Plaintiff,

13          v.                                   **ORDER**

14   KILOLO KIJAKAZI, Acting
     Commissioner of Social Security,
15
                    Defendant.
16

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner"), denying his application for disability insurance benefits ("DIB") under Title II

20   of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1]  For the reasons that follow,

21   plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for

22   summary judgment will be GRANTED.

23                              I.  PROCEDURAL BACKGROUND

24          Plaintiff applied for DIB on March 11, 2019.  Administrative Record ("AR") 170-171.[2]

25   The disability onset date was alleged to be February 9, 2017.  AR 179.  The application was

26

27   [1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and
     who suffer from a mental or physical disability.  42 U.S.C. § 423(a)(1); Bowen v. City of New
28   York, 476 U.S. 467, 470 (1986).
     [2] The AR is electronically filed at ECF Nos. 9-1 (AR 1 to AR 527).

                                                  1

1  disapproved initially and on reconsideration.  AR 58, 76-78.  On December 8, 2020, ALJ

2  Lawrence Levey presided over the hearing on plaintiff's challenge to the disapprovals.  AR 12 –

3  43 (transcript).  Plaintiff, who appeared with counsel Joseph Fraulob, was present at the hearing.

4  AR 12.  Stephen Davis, a Vocational Expert ("VE"), also testified at the hearing.  Id.

5       On January 12, 2021, the ALJ found plaintiff "not disabled" under Sections 216(i) and

6  223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 79-94 (decision), 95-98 (exhibit

7  list).  On January 4, 2022, after receiving additional exhibits including a letter from plaintiff's

8  spouse, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as

9  the final decision of the Commissioner of Social Security.  AR 1-5 (decision and additional

10  exhibit list).  Plaintiff filed this action on March 8, 2022.  ECF No. 1; see 42 U.S.C. § 405(g).

11  The parties consented to the jurisdiction of the magistrate judge.  ECF No. 13.  The parties' cross-

12  motions for summary judgment, based upon the Administrative Record filed by the

13  Commissioner, have been fully briefed.  ECF Nos. 18 (plaintiff's summary judgment motion), 23

14  (Commissioner's summary judgment motion).

15                    II.  FACTUAL BACKGROUND

16       Plaintiff was born on in 1981, and accordingly was, at age 38, a younger person under the

17  regulations, when he filed his application.[3]  AR 170.  Plaintiff has a high school education, and

18  can communicate in English.  AR 181, 183.  Plaintiff has work history as a tree climber,

19  construction worker, maintenance person, and heavy equipment operator/laborer.  AR 183.

20  Plaintiff claimed disability due to back injury, arthritis of the spine, depression, anxiety, marital

21  issues, paranoia disorder, and severe lower back pain.  AR 182.

22                      III.  LEGAL STANDARDS

23       The Commissioner's decision that a claimant is not disabled will be upheld "if it is

24  supported by substantial evidence and if the Commissioner applied the correct legal standards."

25  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the

26  Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'"  Andrews

27  v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

28  [3]  See 20 C.F.R. § 404.1563(c) ("younger person").

2

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every

eligible individual who is "disabled."  42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI.  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not

4

1    disabled and can engage in work that exists in significant numbers in the national economy." <u>Hill</u>

2    <u>v. Astrue</u>, 698 F.3d 1153, 1161 (9th Cir. 2012); <u>Bowen</u>, 482 U.S. at 146 n.5.

3                                      V.  THE ALJ's DECISION

4            The ALJ made the following findings:

5                    1.  The claimant last met the insured status requirements of the Social
6                    Security Act on March 31, 2020.

7                    2. [Step 1]  The claimant did not engage in substantial gainful activity
                     during the period from his alleged onset date of February 9, 2017
8                    through his date last insured of March 31, 2020 (20 CFR 404.1571
                     *et seq.*)

9                    3. [Step 2] Through the date last insured, the claimant had the
10                   following   severe   combination   of   impairments:   Cervical
                     Degenerative Disc Disease, Lumbar Degenerative Disc Disease,
11                   Depressive Disorder, Anxiety Disorder, Adjustment Disorder, and
                     Post-Traumatic Stress Disorder (PTSD) (20 CFR 404.1520(c)).

12                   4. [Step 3] Through the date last insured, the claimant did not have
                     an impairment or combination of impairments that met or medically
13                   equaled the severity of one of the listed impairments in 20 CFR Part
                     404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and
14                   404.1526).

15                   5.   [Residual   Functional   Capacity   ("RFC")]   After   careful
                     consideration of the entire record, the undersigned finds that, through
16                   the date last insured, the claimant had the residual functional capacity
                     to perform light work as defined in 20 CFR 404.1567(b), except he
17                   could have occasionally climbed ramps or stairs, balanced, stooped,
                     kneeled, and crouched. The claimant was precluded from climbing
18                   ladders, ropes, or scaffolds and from crawling. He was required to
                     avoid concentrated exposure to extreme cold, excessive vibration,
19                   unprotected heights, and hazardous machinery. The claimant was
                     limited to simple, routine, and repetitive tasks, performed in a work
20                   environment   free   of   fast-paced   production   requirements   that
                     involved   only   simple   work-related   changes   and   few,   if   any,
21                   workplace changes. He was limited to occasional interpersonal
                     interaction with the general public, co-workers, and supervisors.
22
                     6. [Step 4] The claimant is unable to perform any past relevant work
23                   (20 CFR 404.1565).

24                   7. [Step 5] The claimant was born [in 1981] and was 38 years old,
                     which is defined as a younger individual age 18-49, on the date last
25                   insured (20 CFR 404.1563).

26                   8.  [Step 5, continued]  The claimant has at least a high school
                     education (20 CFR 404.1564).
27
                     9. [Step 5, continued] Transferability of job skills is not material to
28                   the determination of disability because using the Medical-Vocational

                                                    5

1    Rules as a framework supports a finding that the claimant is "not
     disabled," whether or not the claimant has transferable job skills (See
2    SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

3    10. [Step 5, continued]  Through the date last insured, considering
     the claimant's age, education, work experience, and residual
4    functional capacity, there were jobs that existed in significant
     numbers in the national economy that the claimant could have
5    performed (20 CFR 404.1569 and 404.1569(a)).

6    11.  The claimant was not under a disability, as defined in the Social
     Security Act, at any time from March 31, 2020, through the date last
7    insured (20 CFR 404.1520(g)).

8    AR 81-93.  As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the

9    Act. AR 93.

10                                      VI.  ANALYSIS

11        Plaintiff alleges that the ALJ erred by (1) rejecting the opinion of consultative examiner

12   Dr. C. Chambers; (2) failing to provide legally sufficient reasons for discrediting plaintiff's

13   subjective testimony; and (3) failing to consider medical evidence dated after plaintiff's date last

14   insured.  ECF No. 18 at 8-14.

15        A.  <u>The ALJ Properly Addressed the Opinion of Dr. Chambers</u>

16        Plaintiff alleges that the ALJ's RFC determination is flawed because the ALJ improperly

17   discredited the opinion of psychological consultative examiner Dr. Carol Chambers.  ECF No. 18

18   at 9.  With respect to medical opinions, new regulations apply to claims filed on or after March

19   27, 2017, which change the framework for evaluation of medical opinion evidence.  Revisions to

20   Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844-01

21   (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  The new regulations provide that the ALJ will no longer

22   "give any specific evidentiary weight . . . to any medical opinion(s)" but instead must consider

23   and evaluate the persuasiveness of all medical opinions or prior administrative medical findings

24   from medical sources and evaluate their persuasiveness.  Revisions to Rules, 2017 WL 168819,

25   82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a) and (b).

26        The factors for evaluating the persuasiveness of a physician opinion include

27   supportability, consistency, relationship with the claimant (including length of the treatment,

28   frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of

                                              6

an examination), specialization, and "other factors that tend to support or contradict a medical

opinion or prior administrative medical finding" (including, but not limited to, "evidence showing

a medical source has familiarity with the other evidence in the claim or an understanding of our

disability program's policies and evidentiary requirements"). 20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required

to explain how both factors were considered. 20 C.F.R. § 404.1520c(b)(2). Supportability and

consistency are defined in the regulations as follows:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

The ALJ may, but is not required to, explain how the other factors were considered. 20

C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative

findings "about the same issue are both equally well-supported . . . and consistent with the record

. . . but are not exactly the same," the ALJ must explain how "the other most persuasive factors in

paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3). The Ninth

Circuit has confirmed that the new regulatory framework eliminates the "treating physician rule"

and displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or

"clear and convincing" reasons for rejecting a treating or examining doctor's opinion. Woods v.

Kijakazi, 32 F.4th 785 (9th Cir. 2022). Still, in rejecting any medical opinion as unsupported or

inconsistent, an ALJ must provide an explanation supported by substantial evidence. Id. In sum,

the ALJ "must 'articulate . . . how persuasive' [he or she] finds 'all of the medical opinions' from

each doctor or other source . . . and 'explain how [he or she] considered the supportability and

consistency factors' in reaching these findings." Id. (citing 20 C.F.R. §§ 404.1520c(b),

404.1520(b)(2)).

7

With respect to mental limitations, the ALJ reviewed the medical record and the opinions of State agency phycological consultants P. Caruso-Radin, Psy. D. and S. Koutrakos, Psy. D., as well as psychological consultative examiner C. Chambers, Psy. D.  AR 89.  Dr. Caruso-Radin and Dr. Koutrakos's opinions were based on a review of the record and they each assessed only mild and moderate limitations.  AR 53-55; 70-72.  The ALJ found these opinions persuasive, noting "they are generally consistent with one another as well as with the mental status examinations throughout the record."  AR 89.

On May 21, 2019, consultative psychologist Dr. Chambers examined plaintiff.  AR 401-405.  Dr. Chambers found plaintiff had a cooperative attitude, with normal motor activities, good eye contact, and no speech abnormalities.  AR 403.  Dr. Chambers found plaintiff had intact intelligence, adequate attention, good concentration, an adequate fund of knowledge, adequate memory, and intact abstract thinking.  AR 403-404.  Dr. Chambers also found plaintiff had intact judgment, insight, and thought process.  AR 404.  Dr. Chambers recorded plaintiff's mood as significantly anxious, and noted that plaintiff denied current and/or recent suicidal ideation as well as hallucinations.  AR 404.  Dr. Chambers diagnosed Plaintiff with major depressive disorder, severe, as well as an unspecified anxiety disorder (AR 404).

Dr. Chambers opined that Plaintiff was not significantly limited in the following areas: performing simple and repetitive tasks; performing detailed and complex tasks; and ability to accept instructions from supervisors.  AR 404-405.  However, she opined the plaintiff had moderate to marked limitations with maintaining regular attendance in the workplace, performing work activities on a consistent basis and without special or additional supervision, and completing a normal workday or workweek without interruptions and had marked limitations interacting with co-workers and the public and dealing with work stresses.  The ALJ addressed the opinion of Dr. Chambers as follows:

> This opinion is not persuasive because it is not supported by her in-person mental status examination of the claimant, which showed claimant was cooperative, had good eye contact, displayed intact intelligence, had good concentration and adequate attention, and displayed adequate fund of knowledge, memory, and abstract thinking as well as intact calculations, insight, judgment, and throughout processes (Exhibit 4F). Additionally, the limitations

8

opined are not consistent with the mental status examinations throughout the record, which generally indicated the claimant had intact memory, concentration, insight and judgment (Exhibits 10F). Furthermore, the limitations opined are inconsistent with the claimant's own reports of activities of daily living, including regularly leaving his house to take walks, taking his children to school, and socializing with others (Exhibit 8E). Accordingly, the undersigned finds the opinions of the State agency consultants are more persuasive for the reasons discussed above (Exhibits 1A; 3A).

AR 89-90.

Plaintiff asserts the ALJ's rationale is "insufficient to support wholesale rejection of Dr. Chambers' opinion." ECF No. 18 at 9. The court disagrees. First, the ALJ addressed the supportability factor, finding Dr. Chambers' opinion was not supported by her own examination notes. AR 89. This is borne out by Dr. Chambers' report, which contained unremarkable observations. AR 401-02. For example, though Dr. Chambers opines that plaintiff "is markedly limited due to anxiety and depression" with respect to his ability to interact with co-workers and the public, the report contains no abnormal findings with result to plaintiff's behavior. AR 405. To the contrary, Dr. Chambers found plaintiff "interacted appropriately with the examiner throughout the evaluation. No bizarre behavior was observed." AR 401. The ALJ reasonably concluded that Dr. Chambers' opinion was not properly supported.

The ALJ also found Dr. Chambers' opinion was not consistent with mental status examinations throughout the record, which generally indicated that plaintiff had intact memory, concentration, insight, and judgment. AR 89, 495, 502, 509, 513, 526. The ALJ also determined that Dr. Chambers' opinion was inconsistent with plaintiff's own reports of daily activities, which included self-reported social interaction. AR 89-90, 230-233. Accordingly, the ALJ adequately reviewed Dr. Chambers' opinion and assessed its internal supportability as well as its consistency with other medical evidence and other evidence of record, as required by the applicable regulations. 20 C.F.R. § 404.1520c(c)(1)-(2). The court finds no error here.

B.  The ALJ Properly Rejected Plaintiff's Subjective Testimony

The ALJ did not err in rejecting plaintiff's subjective testimony regarding his mental impairments. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of

an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom."  Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted).  Objective medical evidence of the pain or fatigue itself is not required.  Id. (internal citations omitted).  Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so."  Id. (internal citations omitted).

Here, the  ALJ's opinion states that plaintiff's testimony was discredited because it "is inconsistent with the objective medical evidence, the claimant's longitudinal medical history, as well as with the claimant's own statements."  AR 85.  Plaintiff testified that he has been unable to work due to low back pain, depression, and anxiety, since February 9, 2017.  AR 18-23.  Plaintiff testified that his mental impairments cause panic attacks every other day and each panic attack lasts about 30 minutes.  AR 23-24.

In discrediting plaintiff, the ALJ primarily relied on a finding that the testimony was not supported by the medical record, which contained mild findings and very limited mental health treatment history.  An ALJ may consider a claimant's conservative treatment when assessing subjective complaints.  Johnson v. Shalala, 60 F.3d 1428, 1434 (8th Cir, 1995) (conservative treatment suggests a lower level of functional limitation than asserted by claimant).  The ALJ noted that "there is no evidence in the record that the claimant relied, on an ongoing basis, upon medical treatment, mental health therapy, psychosocial support, or a highly structured setting, to diminish the symptoms and signs of his mental disorder, that his adaptation to the requirements of daily life is fragile, or that he has minimal capacity to adapt to changes in his environment or to demands that are not already part of his daily life."  AR 84.  Indeed, a medical record from March 2020 indicates that plaintiff had discontinued counseling services because "he felt the therapy was unnecessary" and he was continuing to take his prescribed medications as directed.  AR 433.  Though there is no requirement that a plaintiff be hospitalized to have a disabling mental health condition, the ALJ reasonably concluded that in this case, that the lack of significant mental

10

1    health treatment conflicts with the intensity of symptoms described in plaintiff's testimony.

2            Though plaintiff argues that the ALJ failed to consider that plaintiff's level of impairment

3    waxed and waned, the court finds that the ALJ did account for periods of more significant mental

4    impairment by assigning a fairly restrictive RFC with regard to mental limitations.  AR 84

5    (limiting plaintiff to simple, routine, and repetitive tasks, performed in a work environment free

6    of fast-paced production requirements that involved only simple work-related changes and few, if

7    any, workplace changes, and only occasional interpersonal interaction with the general public, co-

8    workers, and supervisors).  The court finds no error here.

9            C.  The ALJ Properly Considered the Evidence

10           Finally, plaintiff asserts the ALJ erred by failing to consider evidence pertaining to mental

11   impairments dated after his date last insured.  ECF No. 18 at 13.  Plaintiff points to a footnote in

12   the ALJ decision which states: "Records after the claimant's disability insured status expired may

13   indicate a subsequent progression in the severity of his psychological impairments (Exhibit 10F).

14   As noted above, the claimant's earnings record shows that the claimant has acquired sufficient

15   quarters of coverage to remain insured through March 31, 2020 (hereinafter "the date last

16   insured").  Thus, the claimant must establish disability on or before that date in order to be

17   entitled to a period of disability and disability insurance benefits."  AR 88.  Plaintiff argues this is

18   error because he need only establish that the onset of disability occurred before the date last

19   insured, not that he has been disabled for 12 months by the date last insured.  ECF No. 18 at 13.

20           Plaintiff's argument is not persuasive, particularly because the exhibit addressed by the

21   ALJ is a medical record indicating that a new incident occurred in September of 2020, after the

22   date last insured, that intensified plaintiff's mental health symptoms.  AR 464.  Specifically, the

23   October 9, 2020 record states that "about a month ago a young man pulled a handgun on

24   [plaintiff] while he confronted the person for being on his property while attending a party at his

25   next-door neighbors house."  Id.  The record goes on to state that following this threat, plaintiff's

26   symptoms became "extreme hypervigilance, paranoia, nightmares w/ combative thrashing that

27   requires the client to sleep in a different room from his spouse to protect her, auditory

28   hallucinations, and constant anxiety and several panic attacks a day."  AR 464.  This note does

1    not indicate a natural, uninterrupted progression of a disability that onset before March 31, 2020.

2    The court finds no error.

3                                          VII.  CONCLUSION

4            For the reasons set forth above, IT IS HEREBY ORDERED that:

5            1.  Plaintiff's motion for summary judgment (ECF No. 18), is DENIED;

6            2.  The Commissioner's cross-motion for summary judgment (ECF No. 23) is

7    GRANTED;

8            3.  The Clerk of the Court shall enter judgment for defendant, and close this case.

9    DATED: September 14, 2023

10                                                    _____

                                                     ALLISON CLAIRE
11                                                   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28